THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:09-CV-85-D

| | |
|---|---|
| DORIAN HADDOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| JACKSONVILLE POLICE ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On October 6, 2010, the Honorable James C. Dever III entered an order (DE-24) instructing the undersigned to conduct a frivolity review of Plaintiff's Complaint. In the October 6, 2010 Order, Judge Dever also referred the following motions:

1) Defendant's motion for summary judgment (DE-20); and

2) Plaintiff's renewed motion for appointment of counsel (DE-23).

Each of these matters is now ripe for adjudication.

Plaintiff originally requested the appointment of counsel on September 25, 2009 (DE-12). That request was denied by Judge Dever on September 28, 2009 (DE-13). In her response to Defendant's motion for summary judgment, Plaintiff concludes by stating "I motion for legal counsel be [sic] appointed to represent me and my interest in this matter" (DE-23). This request is not supported by any further argument or briefing. Therefore, Plaintiff has failed to demonstrate any reason why this Court's original ruling should be reconsidered. Accordingly, the

1

undersigned recommends that Plaintiff's renewed motion for appointment of counsel (DE-23) be DENIED.

Furthermore, Plaintiff was permitted to file her Complaint *in forma pauperis* (DE-4). When a Plaintiff is permitted to file *in forma pauperis*, the Court must also conduct a review pursuant to 28 U.S.C. §§ 1915(e)(2) which requires the Court to dismiss all or any part of an action found to be frivolous or malicious, which fails to state a claim upon which relief can be granted, or which seeks money damages from a defendant immune from such recovery. *See* Cochran v. Morris, 73 F.3d 1310, 1315-16 (4th Cir. 1996)(discussing *sua sponte* dismissal under predecessor statute 28 U.S.C. § 1915(d)). A case is frivolous if it lacks an arguable basis in either law or fact. *See* Neitzke v. Williams, 490 U.S. 319, 325 (1989). In making the frivolity determination, *pro se* complaints are entitled to more liberal treatment than pleadings drafted by attorneys. White v. White, 886 F.2d 721, 724 (4th Cir. 1989). However, the court is not bound to accept the truth of the pleadings and may dismiss claims which are based on wholly irrational or incredible factual allegations. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Similarly, summary judgment is appropriate when an examination of the pleadings, affidavits, and other proper discovery materials before the court demonstrates that there is no genuine issue of material fact, thus entitling the moving party to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The facts and all reasonable inferences must be viewed in the light most favorable to the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) The party seeking summary judgment bears the burden of initially demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Once the moving party has met its burden, the non-moving party must then affirmatively demonstrate that there is a genuine issue for trial. Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). If the nonmoving party is to prevail, the

2

fact in question must be material and the dispute must be genuine.  See Fed. R. Civ. P. 56(c); Anderson, 477 U.S. at 247-248.  Although the court must view the facts in the light most favorable to the nonmoving party, summary judgment should be granted unless a reasonable jury could return a verdict in favor of the nonmoving party on the evidence presented.  McLean v. Patten Communities, Inc., 332 F.3d 714, 718-719(4th Cir. 2003)(citing Anderson, 477 U.S. at 247-48).

For the following reasons the undersigned recommends that Plaintiff's Complaint be found insufficient to survive review under 28 U.S.C. § 1915(e)(2), or in the alternative that Defendant's motion for summary judgment be granted.

The crux of Plaintiff's Complaint is that a "Jacksonville Police Department detective . . . implicated . . . [her] . . . in a felony conspiracy . . .without any evidence" (DE-5, pg. 2).  Notably, the specific detective is not named as a defendant in this case.  Rather, the only named Defendant is the Jacksonville Police Department.

However, the Jacksonville Police Department is not a distinct legal entity capable of being sued.  In Parker v. Bladen County, 583 F. Supp. 2d 736 (E.D.N.C. June 27, 2008), this Court noted:

> State law dictates whether a [state] governmental agency has the capacity to be sued in federal court." Efird v. Riley, 342 F.Supp.2d 413, 419-20 (M.D.N.C. 2004) (*citing* Avery v. Burke, 660 F.2d 111, 113-14 (4th Cir.1981)). For example, N.C. Gen.Stat. § 153A-11 acknowledges that a county is a legal entity which may be sued. However, there is no corresponding statute authorizing suit against a North Carolina county's sheriff's department.
> Parker, 583 F. Supp. 2d at 740.

Likewise, there is no North Carolina statute authorizing suit against a specific police department. *See*, Moore v. City of Asheville, NC, 290 F. Supp. 2d 664, 673 (W.D.N.C. November 13, 2003), *aff'd*, 396 F.3d 385 (4th Cir. 2005)("under North Carolina law, the Asheville Police Department is

3

not a 'person' and, therefore, lacks the capacity to be sued").

Even if Defendant were capable of being sued, "a municipality is only liable . . .[for a deprivation of federal rights] if it causes such deprivation through an official policy or custom." Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)(*citing* Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-691). Conversely, a municipality cannot be held liable for such a deprivation on a *respondeat superior* theory. *Id.* Plaintiff has failed to allege that Defendant's policy, custom or practice caused a violation of her federal rights. Likewise, to the extent Plaintiffs Complaint could be construed to assert any state tort claims, Defendant is immune from suit. Plaintiff s Complaint does not allege, nor is there any evidence that Defendant has waived its sovereign immunity. *See* Reid v. Town of Madison, 527 S.E.2d 87, 89 (N.C. App. March 21, 2000).

Finally, Plaintiff's claims are time barred. Since Wilson v. Garcia, 471 U.S. 261 (1985), courts have held that the state statute governing personal injury actions provides the applicable limitations period in claims such as Plaintiff's. Pelzer v. Cherry, 2009 WL 4611455 at *1 (W.D.N.C. December 1, 2009). *See also*, Webb v. North Carolina Dept. Of Crime Control and Public Safety, 658 F.Supp.2d 700, 712-13 (E.D.N.C. September 11, 2009); National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1162 (4th Cir. 1991). In North Carolina a three year statute of limitations applies to any personal injury not covered by another limitation. N.C.G.S. § 1-52(5). The actions underlying Plaintiff's claims took place in February, 2006. Plaintiff's Complaint was not filed until July 24, 2009. As such, over three years have elapsed and Plaintiffs' claims are barred by the applicable statute of limitations.

**Conclusion**

The undersigned recommends that Plaintiffs renewed motion for the appointment of

4

counsel (DE-23) be DENIED. It is also recommended that Plaintiff's Complaint (DE-5) be DISMISSED as frivolous. In the alternative, the undersigned recommends that Defendant's motion for summary judgment (DE-20) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, October 18, 2010.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE